```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-22463-CIV-GRAHAM
                              MAGISTRATE JUDGE P. A. WHITE
```

DALE H. CLINE,                  :

    Plaintiff,             :

v.                              :                REPORT
                                          OF MAGISTRATE JUDGE
COUNSELOR TOLLIVER, Et al.,     :                 (DE#21 & 22)

    Defendants.            :
_____

## Introduction

The plaintiff, Dale H, Cline, currently detained at the Dade County Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 on August 20, 2009, seeking monetary and injunctive relief. [DE# 1]. The plaintiff is proceeding in forma pauperis.

The plaintiff alleges that Counselor Tolliver has denied him access to the courts by interfering with his ability to make photocopies of pleadings. He states that Tolliver told him he was represented by an attorney and the attorney should make the copies. Tolliver ignored his explanation that he is pro-se in case no. 08-25423-FC. Tolliver was served, and is represented by counsel.

This Cause is before the Court upon the screening of the plaintiff's amended complaint (DE#21), and defendant Tolliver's motion for extension of time to respond to the amended complaint. (DE#22).

Analysis
--------

A party may amend the original pleading once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a). No responsive pleading has been filed in this case, and the amended complaint is accepted as filed. The amended complaint is subject, however to an initial screening pursuant to 28 U.S.C. §1915.

In the amended complaint filed on November 10, 2009, the plaintiff seeks to add Tom Ryan, the Miami-Dade Director of Rehabilitation and Corrections, holding him responsible for Tolliver's actions, and claiming failure to properly train. He also seeks to add the Miami Dade Corrections and Rehabilitation Department.

A. Defendant Ryan

The plaintiff has made no specific allegations of personal involvement in the constitutional deprivations alleged in the complaint as to Defendant Ryan. The plaintiff has named Ryan as a defendant solely because he holds a supervisory position.

It has long been established that public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986); Jasinski v. Adams, 781 F.2d 843 (11 Cir. 1986). Nor can liability be predicated solely upon the doctrine of respondeat superior in a §1983 action. Monell v. Department of Social Services, 436 U.S. 658 (1978). Supervisory liability requires a causal connection between actions of the supervisory official and an alleged deprivation [for

example, a showing of knowledge of a history of abuses and failure to take corrective action]. Byrd v. Clark, supra at 1008.

Under appropriate circumstances the failure to adequately train or supervise may give rise to a claim cognizable under §1983, see: City of Canton, Ohio v. Harris, 489 U.S. 378 (1989). Mere conclusory allegations of failure to train, however, are not enough; and the courts have generally held that there is no affirmative constitutional duty on the part of a supervising public official to train, supervise, or discipline subordinates so as to prevent constitutional torts, except where the supervisor has contemporaneous knowledge of an offending incident or knowledge of a prior pattern of similar incidents, and circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate. See Chinchello v. Fenton, 805 F.2d 126, 133-34 (3 Cir. 1986).

The Eleventh Circuit has held that nothing less than a showing of gross negligence is required to establish liability for inadequate training. Cannon v. Taylor, 782 F.2d 947, 951 (11 Cir. 1986).

Moreover, the courts have required that the plaintiff must "identify a deficiency in a training program closely related to the injury complained of and must further show that the injury would have been avoided 'under a program that was not deficient in the identified respect.'" Gordon v. Kidd, 971 F.2d 1087, 1097 (4 Cir. 1992) (quoting City of Canton, supra, 489 U.S. at 391). Finally, in order to recover on a claim of failure to train, the plaintiff must show 1) that the [supervisor] failed to train, 2) that a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights, and 3) that such failure to

supervise or train amounted to gross negligence or deliberate indifference. <u>Hinshaw v. Doffer</u>, 785 F.2d 1260, 1261 (5 Cir. 1986).

The plaintiff has not satisfied these requirements because he states only boilerplate language which, at best, may be construed as an allegation of failure to supervise and failure to train. This is insufficient to state a constitutional claim. The plaintiff does not allege facts that tend to show that there was any gross negligence or deliberate indifference on the part of Defendant Ryan that resulted in any deprivation of constitutional rights.

It is therefore recommended that the claims assigning <u>respondeat superior</u> liability and regarding failure to train and/or supervise against Defendant Ryan be dismissed.

B.  <u>Miami Dade Corrections and Rehabilitation Dept.</u>

The plaintiff claims that the Miami Dade Corrections Department has been negligent in denying his access to the Court. The Miami Dade Department of Corrections is a County agency. To allege a §1983 action against a county a plaintiff must assert that a constitutional deprivation resulted from a custom, policy, or practice of the county. <u>Wideman v. Shallowford Community Hospital, Inc</u>. <u>supra</u>, 826 F.2d at 1032, and cases cited therein. Such liability, however, may not be predicated on the theory of <u>respondeat superior</u>. Only if the alleged constitutional violations resulted from a county custom, policy or practice of a county, may its administrators or supervisors be held liable.  <u>Monell v. Department of Social Services</u>, <u>supra</u>, 436 U.S. at 694;  <u>Free v. Granger</u>, 887 F.2d 1552 (11 Cir. 1989); <u>Wideman v. Shallowford Community Hospital, Inc</u>., <u>supra</u>, 826 F.2d at 1032. Boilerplate allegations of policy or custom, without supporting facts, are

4

insufficient to sustain a §1983 claim. See Hossman v. Blunk, 784 F.2d 793 (7 Cir. 1986); Gutierrez v. City of Hialeah, 723 F.Supp. 1494 (S.D. Fla. 1989).[1]

The plaintiff has not alleged sufficient facts to support a claim against the Miami Dade Corrections Department.

### III. Recommendation

For the reasons specified in the foregoing,

It is recommended that:

1) Defendant's motion for extension of time to respond to the amended complaint is denied as moot. (DE#22). The Defendant shall reply to initial complaint as filed (DE#1) within ten days.

2) The claims against Defendant Ryan and the Miami Dade Department of Corrections be dismissed, and the amended complaint be dismissed. (DE#21).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated at Miami, Florida, this 3rd day of December 2, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] If the plaintiff wishes to raise a state tort claim, he may do so in the state courts.

cc: Dale Cline, <u>Pro Se</u>
    No. 09-0012299
    Miami Dade County Jail
    Address of record

    Rodolfo Ruiz, Esq.
    Assistant County Attorney- Miami
    Address of record